## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOHAN SEBASTIAN ZAPATA BARRERA,

    Petitioner,

v.

MARKWAYNE MULLIN, et al.,

    Respondents.[1]

)
)
)
)
)
)
)
)
)
)
)

Case No. CIV-26-1061-SLP

### REPORT AND RECOMMENDATION

Petitioner Johan Sebastian Zapata Barrera, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] Chief United States District Judge Scott L. Palk referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 10, and Petitioner replied, Doc. 11. So the matter is at issue.

---

[1]    Fred Figueora is the Warden of the Diamondback Correctional Facility. Warden Figueroa is not a federal official, so the Government has not filed its response on his behalf. Doc. 10, at 1 n.1.

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Petitioner's immediate release.

## I.   Factual background and procedural history.

Petitioner is a citizen of Colombia who has been in immigration detention since May 6, 2026. Doc. 1, at 5. On that date, Immigration & Customs Enforcement (ICE) detained Petitioner at his routine check-in appointment. *Id.* at 7.

Petitioner entered the United States without inspection on or about October 1, 2023, and he was taken into custody by the Department of Homeland Security (DHS). Doc. 10, at 1 (citing Ex. 1); Doc. 1, at 6. That same day, DHS placed Petitioner into standard removal proceedings under 8 U.S.C. § 1229a by issuing a Notice to Appear (NTA), charging him as removable under § 212(a)(6)(A)(i)[4] of the Immigration and Nationality Act (INA). Doc. 10, Ex. 1. Petitioner filed an asylum application that remains pending. Doc. 1, at 6. Petitioner states he complied with all the terms and conditions of his release. *Id.* at 7.

---

[4]   That section is codified at 8 U.S.C. § 1182(a)(6)(A)(i) and provides that a noncitizen who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General is ineligible to be admitted to the United States. *Id.* § 1182(a)(6)(A)(i).

Petitioner is detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 1.

## II.    Petitioner's claims.

Petitioner asserts that his detention violates the INA, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act (APA). *Id.* at 8-13. He seeks an order barring Respondents from transferring him out of this district while his petition is pending; an order directing Respondents to show cause why his petition should not be granted in three days; injunctive relief "to preserve jurisdiction and prevent irreparable harm";[5] his immediate release under the terms of his prior release, or in the alternative, a bond hearing within five days; a declaration that his detention is unlawful; an order holding that Respondents' determination that he is subject to mandatory detention is unlawful; and an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA). *Id.* at 13-14.

## III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

---

[5]    The Court addressed these three requests in its Order for Response. *See* Doc. 6.

3

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.   Discussion.

### A.   Section 1226 governs Petitioner's claims.

Petitioner asserts that Respondents violated the INA by detaining him under the mandatory detention provision in § 1225(b)(2).[6] Doc. 1, at 8-9. Petitioner effected entry into the country over two years ago, so he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. *Quiroz v. Mullin,* No. 26-6019, --- F.4th ----, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) (holding "that noncitizens who entered the United States and . . . thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."); *see also Barbosa da Cunha v. Freden,* 175 F.4th 61, 70 (2d Cir. 2026) (concluding the petitioner's

---

[6]   Section 1225(b)(2) mandates detention for noncitizens who are "applicant[s] for admission, [where] the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens . . . who are already present in the United States and are determined not to be a flight risk or danger to the community to be released on bond under Section 1226(a) while their removal proceedings are pending").

The Court should therefore at the least grant Petitioner's request for a "prompt bond hearing under [] § 1226(a)." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *2 (W.D. Okla. Apr. 20, 2026); *see, e.g.*, *Colin v. Holt,* No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

## B. Petitioner's due process claim.

In Ground II, Petitioner asserts that Respondents violated his due process rights by redetaining him without any evidence that he presents a danger or flight risk. Doc. 1, at 10. "The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law. Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas,* 533 U.S. at 690 (internal quotation marks

5

and alterations omitted); *cf. Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)).

"The [INA] establishes procedures for removing [and detaining noncitizens] living unlawfully in the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) ("The INA establishes procedures for the Government to use when removing certain noncitizens from the United States and, in some cases, detaining them.").

This Court analyzes Petitioner's procedural due process claim to determine whether he has a protected liberty interest, and what process is necessary to ensure any deprivation of that liberty interest aligns with the Due Process Clause of the Fifth Amendment. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and

administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

"When the [G]overnment grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment." *Sanchez v. LaRose*, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025); *see also Iza v. Arnott*, 2026 WL 67152, at *3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest in their 'continued liberty.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))); *Sahil v. De Anda-Ybarra*, 2026 WL 560216, at *3 (D.N.M. Feb. 27, 2026) (finding "that noncitizens acquire a liberty interest once released from immigration detention"). Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 (stating that an individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects"). Respondents deprived Petitioner of his protected status when ICE detained him and placed him into custody.

Turning to the *Mathews* factors, the Court finds that Petitioner has a significant private interest in remaining free from detention after spending over two years in the United States before his present detention. By initially releasing Petitioner under § 1226(a), the Government necessarily determined

7

that he was "neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). Respondents have presented no evidence that there was a change in this assessment. By permitting Petitioner to remain at liberty for over two years following the issuance of his NTA, the Government enabled Petitioner to develop a protected liberty interest in remaining out of custody. To be sure, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). But that power remains "subject to important constitutional limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention.

Respondents do not suggest Petitioner violated any laws while in the United States. During his release, Petitioner's interest in release grew even stronger as he presumably "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. The first *Mathews* factor favors Petitioner.

Second, the Court considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The risk of an erroneous deprivation of Petitioner's liberty interest is considerable where he was detained without notice or a hearing.

"Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." *Saqib v. Andrews*, 2026 WL 350830, at \*6 (E.D. Cal. Feb. 9, 2026), *adopted*, 2026 WL 440566 (E.D. Cal. Feb. 17, 2026). Respondents detained Petitioner with no procedural safeguards to determine whether the revocation of his release was justified. This factor weighs in Petitioner's favor. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

Finally, the Court considers the Government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. "While this Court recognizes that the [G]overnment has an interest in enforcing immigration laws," the Government's interest in arresting Petitioner without a determination whether he posed a risk of flight or danger is low. *Saqib*, 2026 WL 350830, at \*6; *see, e.g.*, *Diaz v. Kaiser*, 2025 WL 1676854, at \*3 (N.D. Cal. June 14, 2025) ("[T[he Court concludes that the [G]overnment's interest in re-detaining Petitioner . . . is 'low,' particularly in light of the fact that Petitioner[] has long complied with his reporting requirements."). And the Court can discern no significant administrative or fiscal burden associated with placing

the burden on the Government to follow its own laws and regulations. *See, e.g.*, *Iza,* 2026 WL 67152, at *3 ("An alien's opportunity to be heard regarding the revocation of his parole is only meaningful if the [G]overnment comports with its own internal standards regarding parole revocation."). This is especially true given that Petitioner's detention was not deemed necessary for more than two years.

### C.    Remedy.

Habeas is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."). Federal district courts have broad equitable powers to craft habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). District courts have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243*; see also United States v. Allen*, 139 F.3d 913 (10th Cir. 1998) ("If the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release." (quoting *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990))).

10

The undersigned finds that the misapplication of the INA and the ongoing violation of Petitioner's due process rights require his immediate release subject to the same conditions of his earlier release.[7] This view is shared by numerous courts across the country.[8]

## V.   Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant in part** Petitioner's habeas petition and **order Respondents to**

---

[7]   "Many orders in similar cases require that a bond hearing be set in a short period of time with an automatic release if the hearing does not occur." *Velasquez Montillo v. Brooksby*, 2026 WL 592355, at *10 (D. Utah Mar. 3, 2026). But "[t]hose cases do not examine the effect of successful asylum petition or a clear conditional release order under § 1226." *Id.*

[8]   *See Ewere v. Cerna,* No. CIV-26-320-SLP, 2026 WL 1207088, at *1-2 (W.D. Okla. May 4, 2026) (ordering Petitioner's "immediate release" for due process violation and denial of a bond hearing); *Singh v. Noem*, 2026 WL 766228, at *10 (D.N.M. Mar. 18, 2026) ("Petitioner's . . . release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated."); *Montillo,* 2026 WL 592355, at *10  (concluding immediate release was the appropriate remedy where "there has been no notice of a change in circumstances requiring modification of the November 2021 [order of release on recognizance]"); *Vielma Uzcategui v. Brooksby*, 2026 WL 622751, at *13 (D. Utah Mar. 5, 2026) (same as to petitioner ordered released on her own recognizance in September 2023); *Murzi v. Noem*, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (ordering petitioner's immediate release where petitioner had previously been released on parole).

11

**immediately release him from custody.**[9] **The undersigned also recommends that the Court order Respondents to certify compliance with the Court's order by filing a status report within ten business days of the Court's order**, and to promptly provide a copy of this order to Counsel for the Warden of the Diamondback Correctional Facility.[10] Finally, the Court should order that Respondents cannot re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker where the Government bears the burden of proving, by clear and convincing evidence that Petitioner is a flight risk and a danger to the community. [11]

---

[9] Should the Court determine a bond hearing is the appropriate remedy, the undersigned recommends that, given Petitioner's prolonged detention under the incorrect statute, the Court should find that it is more appropriate for the Government to bear the burden of proof in this context. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (placing the burden of proof on the Government to justify the petitioner's continued detention (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). Having released Petitioner in 2024, the Government ought to now bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. *See L.G.*, 744 F. Supp. 3d at 1186 ("In general, the Supreme Court has held that the clear and convincing standard applies to civil detention where liberty is at stake." (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979))).

[11] Given the undersigned's recommendation as to the disposition of Petitioner's INA and due process claims, the undersigned recommends the Court decline to address the merits of Petitioner's APA claim. As to Petitioner's request for EAJA fees, Petitioner must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B).

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 10, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[12] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[12]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

**ENTERED** this 7th day of July, 2026.

 

 

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE