# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHAN SEBASTIAN ZAPATA )
BARRERA, )
           )
     Petitioner, )
           )   Case No. CIV-26-1061-SLP
v. )
           )
MARKWAYNE MULLIN, et al., )
           )
     Respondents.

## **O R D E R**

Petitioner, Johan Sebastian Zapata Barrera, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 12] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting, in-part, the Petition. Respondents have filed an Objection, [Doc. No. 14], Petitioner has filed a Response to the Objection, [Doc. No. 15], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, to the extent it analyzes Petitioner's statutory claim, and GRANTS, in part, the Petition.

## I.     Background

Petitioner, a citizen of Columbia, entered the United States on or about October 1, 2023.  That same day, the Department of Homeland Security (DHS) placed Petitioner into removal proceedings under 8 U.S.C. § 1229a through the issuance of a Notice to Appear, charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).  Petitioner was subsequently released on his own recognizance.

On May 6, 2026, ICE re-detained Petitioner during a routine check-in and transferred him to the Diamondback Correction Facility, in Watonga, Oklahoma, where he is currently detained.

On May 11, 2026, Petitioner filed his action, claiming violations of the INA, his Due Process rights, and the Administrative Procedure Act.  As relief, Petitioner seeks immediate release from custody, under the terms of his prior release, or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days.

## II.     Discussion

The Court concurs with the Magistrate Judge's findings, to the extent it analyzes Petitioner's statutory claim, and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees.  *See Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026).  The Court's previous determination is in accord with the Tenth Circuit's recent decision, based on indistinguishable material facts. *See Santillan Quiroz v. Mullin*, -- F.4th --, No. 26-6019, 2026 WL 1876709 at *8 (10th Cir.

June 30, 2026) (mandate pending) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[1] The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.[2]

A separate judgment shall be entered.

IT IS SO ORDERED this 31st day of July, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

[2] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.

3